Ali R. Nader, SBN 183134
**NADER LAW FIRM**
16530 Ventura Boulevard, Suite 405
Encino, California 91436
Telephone: (818) 788-5008
Facsimile: (818) 788-8846
Email: ali@naderlawfirm.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

Eduardo Enrique Vallejo,

Debtor(s)

Chapter 13
Case No. 2:16-bk-16833-SK

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR DEBTOR; SUPPORTING MEMORANDUM & DECLARATION OF ALI R. NADER**

Date: 2/15/2018
Time: 9:00 A.M.
Place: Courtroom 1575
   255 E. Temple Street
   Los Angeles, CA 90012

TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE; KATHY A. DOCKERY, CHAPTER 13 TRUSTEE; AND ALL OTHERE PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that on February 15, 2018 at 9:00 a.m. before Honorable Sandra R. Klein, United States Bankruptcy Court, Located at Courtroom 1575, 255 E. Temple Street, Los Angeles, California, The Nader Law Firm ("NLF"), formerly known as Nader, Naraghi & Woodcock, counsel for the Debtor, Eduardo Enrique Vallejo (the "Debtor"), will move the court for an order under local Bankruptcy Rule 2091-1(a) relieving NLF from further representation of the Debtor as bankruptcy counsel in this matter.

The motion is brought on the principal grounds that irreconcilable differences have developed and persist regarding, among other things, difficulties in communications between counsel and client such that NLF is no longer able to effectively represent Debtor's interest or in connection with the Case. It is NLF opinion that its ethical obligations per B&P § 6068(e) and the CA Rules of Professional Responsibility Rule 3-700(C)(l)(d) preclude it from disclosing with more specificity said conflicts.

///

**IF YOU DO NOT OPPOSE THE MOTION DESCRIBED ABOVE, YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1, OPPOSITIONS MUST BE FILED WITH THE COURT NO LATER THAN FOURTEEN (14) DAYS BEFORE DATE OF THE HEARING OF THE MOTION OR AS ORDERED BY THE COURT. YOU MUST FILE YOUR OPPOSITION WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, LOCATED AT 255 E. TEMPLE STREET, LOS ANGELES, CALIFORNIA, 90012. YOU MUST SERVE A COPY OF YOUR OPPOSITION TO THE MOTION UPON THE MOVANT'S COUNSEL AT THE MAILING ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THIS NOTICE; UPON THE CHAPTER 13 TRUSTEE APOINTED TO THIS CASE, KATHY A. DOCKERY, 700 S. FLOWER STREET, SUITE 1950, LOS ANGELES, CA 90017AND, UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATE 915 WILSHIRE BLVD., STE.1850, LOS ANGELES CA 90017. ANY FAILURE TO TIMELY FILE AND SERVE OPPOSITION MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.**

Dated: January 8, 2018

NADER LAW FIRM

By: _____
Ali R. Nader, Attorney at Law

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION

Rule 3-700(c) of the California Rules of Professional Conduct provides, in part, that an attorney may withdraw from representing a client if the client "(d) by other conduct render unreasonably difficult for the member to carry out the employment effectively, or ... (f) "breaches an agreement or obligation to the members as to expenses or fees." Here, the NLF was retained as counsel; however, the NLF has not received documents and information it to satisfy the requirements of the Chapter 13 Trustee or the law and is, therefore, unable to properly continue to represent the Debtor. Thus, the NLF seeks an order relieving it as counsel.

Based upon the severe difficulty in communications between Mr. Vallejo and NLF that renders the relationship unproductive, NLF can no longer represent the Debtor. Thus, there is cause to withdraw when the relationship is unproductive. Kolomick v. K.olomick, 133 A.D.2d 69, 518 N.Y.S.2d 413 (2d Dep't 1987); Jackie v. Sturkie, 255 F. Supp. 2d 1096, 1098 (N.D. Cal.2003), FTC v. Pacific Medical Clinics, 1992 WL 12177 (S.D. Cal. April9, 1992), Cal. Rules of Prof. Conduct 3-700(C)(1)(f). Feruzzo v. Superior Court, 104 Cal. App. 3d 501, 540 (1980).

### II.

### GOOD CAUSE EXISTS TO ALLOW OLF TO WITHDRAW

Whether to grant a motion to withdraw as counsel is a matter within the discretion of the bankruptcy court, subject to review on appeal for an abuse of that discretion. See U.S. v. Carter, 560 F.3d 1107,1113 (9th Cir.2009); LaGrand v. Stewart 133 F.3d 1253,1269 (9th Cir.1998).

The bankruptcy court may allow withdrawal in various circumstances. Withdrawal allowed when, as here, the attorney-client relationship has become strained. In order to guard against any waiver of attorney-client privilege, counsel on this motion does not describe in detail the communications between them and their client, (the "Debtor"), but there are reasons relating to difficulties in communications between counsel and client that make an order allowing withdrawal of counsel appropriate here as the relationship has become unproductive. As the court stated in In re Albert, 277 B.R. 38, 46 (Bankr. S.D.N.Y. 2002):

> Cause for withdrawal has been found, however, where in addition to nonpayment of fees, 128 A.D.2d 482, 513 N.Y.S.2d 415 (1st Dep't 1987), the attorney-client relationship has become unproductive, Kolomick v. Kolomick, 133 A.D.2d 69,

518 N.Y.S.2d 413 (2d Dep't 1987), and where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty. Hunkins v. Lake Placid Vacation Corp., 120 A.D.2d 199, 508 N.Y.S.2d 335 (3d Dep't 1986). In re Meyers, 120 B.R. 751 (Bankr.S.D.N.Y.1990).

Further, Rule 83-2.9.2.1 of the Local Rules of the United States District Court, Central District of California, and Local Bankruptcy Rule 2091-1(a) provide that NLF may withdraw as counsel with leave of Court provided "written notice [of the Motion is] given reasonably in advance to the client and to all other parties who have appeared in the action." This procedure comports with California law in that California Code of Civil Procedure, section 284 provides that an attorney may be substituted out of an action "at any time before or after judgment or final determination." In the matter at hand, NLF requests that it be allowed to withdraw as bankruptcy counsel at this time.

WHEREFORE, the court should grant this motion so that counsel for the Debtor may withdraw from further representation of the Debtor as counsel.

Dated: January 8, 2018

NADER LAW FIRM

_____
Ali R. Nader, Attorney at Law

## DECLARATION OF ALI R. NADER

I, Ali R. Nader, declare as follows:

1. The matters stated herein are within my personal knowledge and, if called upon as a witness, I could and would competently testify thereto.

2. I am an attorney at Nader Law Firm ("NLF"), formerly known as Nader, Naraghi & Woodcock, APLC., for Eduardo Enrique Vallejo ("Debtor"). I am authorized to make this declaration on behalf of the firm.

3. I am licensed to practice in all of the courts of the State of California and I am admitted to practice before the United States District Court, Central District of California.

4. I make this declaration in support of the Motion to be Relieved as Counsel for Debtor (the "Motion") filed by the NLF.

5. Here, the NLF was retained as bankruptcy counsel; however, the NLF has not received documents and information it needs to satisfy the requirements of the Chapter 13 trustee or the law and is, therefore, unable to properly continue to represent the Debtor.

6. In order to guard against any waiver of attorney-client privilege, I do not describe in detail the communications between the NLF's employees and their client, (the "Debtor"), but I would be willing to do so in camera, but there are reasons relating to difficulties in communications between counsel and client as well as to failure to produce the required documents and information the NLF needs to satisfy the requirements of the Chapter 13 Trustee or the law, that make an order allowing withdrawal of counsel appropriate here as the relationship has become unproductive.

7. Communications between NLF and the Debtor have become so severely difficult that the firm and I believe that it is in the best interest of the Debtor to obtain new counsel.

8. It is my opinion that my ethical obligations per B&P § 6068(e) and the CA Rules of Professional Responsibility Rule 3-700(C)(1)(d) preclude me from disclosing with more specificity said conflicts.

9. For the foregoing reasons, I respectfully request that this Court grant the within Motion and issue an Order allowing NLF, Ali R. Nader, to withdraw as Counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 8, 2018.

Ali R. Nader, Attorney at Law

| In re: | | |
|---|---|---|
| Eduardo Enrique Vallejo | | CHAPTER: 13 |
| | Debtor(s). | CASE NUMBER: 2:16-bk-16833-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16530 Ventura Blvd., Suite 405, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR DEBTOR; SUPPORTING MEMORANDUM & DECLARATION OF ALI R. NADER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/9/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Valerie Burley valerie.burley@americaninfosource.com
- Joseph C Delmotte ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Kathy A Dockery (TR) efiling@CH13LA.com
- Merdaud Jafarnia bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Christina J O christinao@mclaw.org, CACD_ECF@mclaw.org
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Madison C Wilson mwilson@rasflaw.com, ras@ecf.courtdrive.com;bkyecf@rasflaw.com
- Kristin A Zilberstein ecfnotifications@ghidottilaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **1/9/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
255 East Temple Street, Courtroom 1575
Los Angeles, CA 90012

Eduardo Enrique Vallejo (Debtor)
508 North California Street,
Burbank, CA 91505

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**9013-3.1.PROOF.SERVICE**

| In re: | | |
|---|---|---|
| Eduardo Enrique Vallejo | | CHAPTER 13 |
| | Debtor(s). | CASE NUMBER 2:16-bk-16833-SK |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/9/2018 | Dairi Castro | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1