

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>EDUARDO ENRIQUE VALLEJO<br><br>Debtor/Appellant<br><br>v.<br><br>U.S. BANK TRUST, N.A.,<br><br>Appellee. | ) Case No.: 2:16-BK-16833-SK<br>)<br>) BAP Appeal No: CC-18-1015<br>)<br>) Chapter 13<br>)<br>) RESPONSE TO ORDER OF THE BAC RE<br>) DOCUMENT 82 RECEIVED FROM THE<br>) BANKRUPTCY COURT RE: CIVIL RULE 60<br>) NOTICE AND APPEAL FOR RECON-<br>) SIDERATION BEFORE ORDER OR JUDGE-<br>) MENT..<br>) |

TO THE BANKRUPTCY JUDGE, SANDRA R. KLEIN.

Debtor and Appellant Eduardo Enrique Vallejo (hereinafter the "Appellant"), submitted the attached document with the BAC in response to their Document 33 Order, confirming that docket 82 is in fact a Civil Rule 60 request for the immediate review by the only court with jurisdiction to do so, the bankruptcy court. The Appellant thanked the BAC for issuing a limited remand to allow the bankruptcy court to consider the motion and appeal for reconsideration based on Civil Rule 60.

Specifically, the motion and appeal to reconsider is based on the following reasons among others: First, to determine if the opposing party had standing to file for a lift of the automatic stay, since there is absolutely no evidence in the file to prove that the alleged assignments followed the note, nor that the opposing party ever owned the note.

RECONSIDERATION CIVIL RULE 60 - 1 -

Second, to set aside an order and judgment for a lift of the automatic stay, due to newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, (although a request by the Appellant for additional time to provide the evidence was not granted by the court). **The evidence that the post petition payments made were in fact made as agreed and on time was eventually provided by the opposing party in the form of a payment history and running total.**

Third, to determine if the opposing party, by denying the post petition payments were in fact made as agreed and on time, incurred in possible fraud on the court that would make the judgment void and is to be set aside for this reason.

Based on the lack of any evidence of standing in this proceeding, and this new evidence provided by the opposing party, for the reasons set forth above, this court should grant this motion and appeal for reconsideration based on Civil Rule 60, and deny Caliber Home Loans, Inc. as attorney in fact for U.S. Bank Trust, N.A. for LSF9 Master Participation's motion for relief of stay in the case of caption while the motion and appeal for reconsideration is decided.

THEREFORE, Appellant respectfully requests the bankruptcy court to reconsider this motion and appeal for reconsideration based on Civil Rule 60, temporarily and immediately reinstate the automatic stay, and eventually deny Caliber Home Loans, Inc. as attorney in fact for U.S. Bank Trust, N.A. for LSF9 Master Participation's motion for relief of stay in the case of caption.

DATED: February 16th, 2018

By:

*/s/ E. V.*
_____
EDUARDO ENRIQUE VALLEJO

---

RECONSIDERATION CIVIL RULE 60 - 2 -