NATHAN F. SMITH, # 264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

Attorneys for Caliber Home Loans, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EDUARDO ENRIQUE VALLEJO,<br><br>Debtor. | Bankruptcy Case No. 2:16-bk-16833-SK<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR "RECONSIDERATION"**<br><br>**HEARING:**<br>**DATE:** April 4, 2018<br>**TIME:** 9:00 a.m.<br>**CTRM:** 1575 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY COURT JUDGE, THE TRUSTEE, AND THE PRO SE DEBTOR:**

Caliber Home Loans, Inc., servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Caliber"), hereby files its opposition to Debtor's Motion for "Reconsideration" ("Motion") of the January 16, 2018 order granting Caliber's Motion for Relief from Stay. Caliber's opposition is based upon the following memorandum of points, the pleadings on file in this case, any supplemental briefing filed in connection with the Motion, and any oral argument presented at the hearing on the Motion.

Opposition    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On December 12, 2017, Caliber filed its motion for relief pursuant to 11 U.S.C. § 362(d)(1) for cause, setting forth a default on the post-petition mortgage payments in the amount of $19,877.82, which included a suspense balance of $1,005.62 ("Motion"). On January 16, 2018, the Court, after notice and hearing, entered an order terminating the automatic stay ("Order"), with respect to the property commonly referred to as 508 North California Street, Burbank, California 91505 ("Property"), which is the Debtor's primary residence.

The Motion is unsupported by any evidence, let alone any new evidence and merely recites arguments from Debtor's original opposition to Caliber's Motion for Relief from Stay. *See* Docket Entry No. 53. Furthermore, although Debtor claims to have made payments "on time and as agreed upon," even after application of his aggregate partial post-payments, he remains due for the January 1, 2017 post-petition mortgage payment.

Based upon the foregoing, and as discussed in further detail below, the Motion should be denied.

## II.

## STATEMENT OF FACTS

1. On December 12, 2017, Caliber filed its Motion for Relief from Stay on the basis that Debtor was delinquent on payments in the amount of $19,877.82 [Docket Entry No. 49].

2. On January 16, 2018, after notice and hearing, the Court granted the order terminating the automatic stay with respect to the Property ("Order").

3. On January 17, 2018, Debtor filed his timely appeal before the Bankruptcy Appellate Panel as Docket number 18-1015 ("Appeal").

4. On February 28, 2018, the Court granted Debtor's Reconsideration Motion and scheduled hearing to be held on April 4, 2018.

///

///

### III.

### ARGUMENT

A. **Motions for "Reconsideration."**

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure recognize a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Rather, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to FRCP P 59(e) or a motion seeking relief from the judgment pursuant to FRCP 60(b), made applicable in bankruptcy cases pursuant to FRBP 9023 and 9024, respectively. *Id*. Which rule applies to a motion depends on the time a motion is served. *See In re Enron Corp.*, 352 B.R. 363, 366–68 (Bankr. S.D. N.Y. 2006) (the "evident trend in the case law" is to analyze motions for reconsideration of claims as if they were motions under FRCP 59 or 60; the standard that applies is "distinguished by the length of time that elapsed between entry of the order and the filing of the motion").

B. **The Standard for a Motion for Reconsideration Under FRCP 60(b).**

If a motion for reconsideration is filed within fourteen days of the entry of judgment, the motion "is treated as a motion to alter or amend judgment under FRCP 59(e)." *Am. Ironworks & Erectors, Inc. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (citing *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)); *see also In re Walker,* 332 B.R. 820, 826 (Bankr. D. Nev. 2005). A motion for reconsideration may also be construed as a motion for relief from a judgment under FRBP 9024, if the time for filing an appeal has expired. *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992). FRBP 9024, which governs relief from a judgment or order, provides that a motion for relief from an order is governed by FRCP 60. FRCP 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir.1991).

In this case Debtor filed the Motion more than fourteen days after the order granting

Caliber's motion for relief was entered. Therefore, Caliber construes it as a motion for relief from the order under FRCP 60.

### C. **Debtor Has Not Met His Burden To Obtain Relief From the OTAS and Relief from the OTAS is Otherwise Unwarranted.**

The Motion is unsupported by any evidence and contains no arguments that relief from the OTAS is warranted under any specific subjection of FRCP 60(b). However, based upon the Debtor's discussion regarding the application of payments, Caliber construes the Motion as a motion for relief under FRCP 60(b)(2). Nevertheless, the Motion must be denied because it is not supported by newly discovered evidence, and even if it were, the Court properly granted Caliber's Motion for Relief under § 362(d)(1), based upon the Debtor's failure to make post-petition mortgage payments.[1] As of the filing of this opposition, the Debtor is due for the January 1, 2017 post-petition payment.

### IV.
### **CONCLUSION**

Based upon the foregoing, Caliber respectfully requests that the Court deny the Reconsideration Motion.

DATED: March 20, 2018

Respectfully submitted,
Malcolm ♦ Cisneros, A Law Corporation

 */s/ Nathan F. Smith*
NATHAN F. SMITH, # 264635
Attorneys for Caliber Home Loans, Inc.

---

[1] Attached hereto as Exhibit "1" is a copy of the ledger attached to Caliber's motion for relief. Attached hereto as Exhibit "2" is a ledger reflecting the application of all post-petition payments received from the Debtor since the filing of the Debtor's petition.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**MALCOLM & CISNEROS, A Law Corporation**
**2112 Business Center Drive, Second Floor**
**Irvine CA 92612**

A true and correct copy of the foregoing document described as **OPPOSITION TO MOTION FOR RECONSIDERATION OF JANUARY 16, 2018 MOTION FOR RELIEF ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner entitled below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 21, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Valerie Burley   valerie.burley@americaninfosource.com
Randy Chang   randychang2007@gmail.com
Joseph C Delmotte   ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Kathy A Dockery (TR)   efiling@CH13LA.com
Merdaud Jafarnia   bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
Madison C Wilson   mwilson@rasflaw.com, ras@ecf.courtdrive.com;bkyecf@rasflaw.com
Kristin A Zilberstein   ecfnotifications@ghidottilaw.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **March 21, 2018** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Eduardo Enrique Vallejo, 508 North California Street, Burbank, CA 91505**

**HONORABLE SANDRA R. KLEIN, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 21, 2018 | Allen Sifuentes | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |