Case number: 2:16-bk-16833-SK

```
┌─────────────────────────────────┐
│           FILED                 │
│                                 │
│        JAN 2 3 2020             │
│                                 │
│   CLERK U.S. BANKRUPTCY COURT   │
│ CENTRAL DISTRICT OF CALIFORNIA  │
│ BY:                Deputy Clerk │
└─────────────────────────────────┘
```

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| Eduardo Enrique Vallejo,<br><br>    Plaintiff/Appellant,<br><br>vs.<br><br>**U.S. BANK,** et al<br><br>    Defendant(s)/Appellee(s),<br><br>et al. | **ADVERSARY:**<br>BK No. 2:16-bk-16833-SK<br>BAP No. CC-18-1015<br>9th CIRCUIT APPEALS COURT: 18-60060<br>**NOTICE AND MOTION TO REOPEN BANKRUPTCY AND FILE ADVERSARY PROCEEDING BASED ON NEWLY DISCOVERED EVIDENCE AND FRAUD ON THE COURT PER FRCP 60**<br><br>**JURY TRIAL DEMANDED** |

**TO THE HONORABLE FEDERAL BANKRUPTCY COURT, THE COMPETENT DISTRICT COURT, THE BAP, THE NINTH CIRCUIT COURT OF APPEALS, DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that on January 20, 2020, Plaintiff, Eduardo Vallejo, respectfully alleges upon his firsthand knowledge, except where it is stated upon information and belief, or where it is stated that he verily believes it to be true, and requests the proper filing of this notice and motion to reopen this case and to file an adversary proceeding based on the following:

Case number: 2:16-bk-16833-SK

## INTRODUCTION AND REQUEST FOR EMERGENCY INJUNCTION

Plaintiff, Eduardo Vallejo, files this Notice and Motion to oppose the Proof of Claim filed by Ditech Financial, LLC. ( "Ditech" ), Caliber Home Loans, Inc. ( "Caliber" ), and to file an Adversary proceeding pursuant to various violations of the Federal laws as listed herein. Namely UCC-3-1003 (2002), 11 USC 506(a)(1), UCC 3 Part 3 (2002), Unauthorized Transfer of securities ( STAMP ), UCC 309 section 3-203 forged documents, illegal assignments, falsification of documents, false filings, 11 U.S.C. § 525 – U.S. Code - Unannotated Title 11. Bankruptcy § 525. Protection against discriminatory treatment.

The Truth in Lending Act ( TILA ),  15 U.S.C. 1601 et seq., which was enacted on May 29, 1968, as title I of the Consumer Credit Protection Act (Pub. L. 90-321). The TILA, implemented by Regulation Z (12 CFR 1026), became effective July 1, 1969, the Real Estate Settlement Procedures Act, ( RESPA ). The Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. 2601 et seq.) (the act) became effective on June 20, 1975. The act requires lenders, mortgage brokers, or servicers of home loans to provide borrowers with pertinent and timely disclosures regarding the nature and costs of the real estate settlement process. The act also prohibits specific practices, such as kickbacks, and places limitations upon the use of escrow accounts. The Department of Housing and Urban Development (HUD) originally promulge.

The False Claims Act ( FCA ). The False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733 was enacted in 1863 by a Congress concerned that suppliers of goods to the Union Army during the Civil War were defrauding the Army. The FCA provided that any person who knowingly submitted false claims to the government was liable for double the government's damages plus a penalty of $2,000 for each false claim. Since then, the FCA has been amended several times. In 1986, there were

Case number: 2:16-bk-16833-SK

significant changes to the FCA, including increasing damages from double damages to treble

damages and raising the penalties from $2,000 to a range of $5,000 to $10,000. The FCA has been

amended three times since 1986. Over the life of the statute it has been interpreted on hundreds of

occasions by federal courts (which sometimes issue conflicting interpretations of the statute).

## **PARTIES**

1.)      The Plaintiff, at all times herein mentioned was and still is a resident of the County of

Los Angeles, in the State of California, specifically the City of Burbank, at 508 North California

Street, where he lives with his wife and 80 year old parents.

2.)      The Defendants, **U.S. Bank, N.A., et al,** at all times herein mentioned was and still is

a resident of  Cincinnati, Ohio, with corporate headquarters at 425 Walnut Street. **U.S. Bank Trust**

**N.A.**, was founded in 2000 and is based in Wilmington, Delaware. It operates as a subsidiary of the

**U.S. Bank N.A.**, with telephone number 1 (651) 466-3000.

3.)      Any and all other Defendants did and are doing business and committed herein torts

against the Plaintiff and his property in the County of Los Angeles in the State of California.

Case number: 2:16-bk-16833-SK

## JURISDICTION AND VENUE

4.)     Venue lies in this District pursuant to Section 1391(b) and 1409(a) of Title 28 of the United States Code (U.S.C.).

5.)     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 the United States Code in that this proceeding arises in and is related to the above captioned case under Title 11 U.S.C.§ 105(a) or § 524(a), awarding relief, and concerns the property of the Plaintiff, and validity of liens and certain debts in that case.

6.)     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

7.)     This Court has jurisdiction to hear matters in violation of Constitution of The United States, and the "Bankruptcy Code § 522 allows a debtor to exempt certain property from the Bankruptcy estate that the trustee distributes to creditors."  In re Weinstein, 164 F.3d 677, 679 (1st Cir. 1999).

8.)     This Court has supplemental jurisdiction to hear all state law claims pursuant to Section  § 1367 of Title 28 of the United States Code.

9.)     This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

10.)     District Courts have jurisdiction per 28 U.S. Code § 158. Appeals and under 28 U.S.C. § 1331, and have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(b). When reviewing an interlocutory appeal under 28 U.S.C. § 1292(b), it exercises plenary review

over the question certified. Florence v. Bd. of Chosen Freeholders of City of Burlington, 621 F.3d

296, 301 (3d Cir. 2010). The scope of our review, however, is not limited to the question set forth in

the certification motion but, rather, includes any issue fairly included within the certified order. See

Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b)

indicates, appellate jurisdiction applies to the order certified to the Court of Appeals, and is not tied

to the particular question formulated by the district court."). "It reviews a denial of a motion for

reconsideration for abuse of discretion, but it reviews the District Court's underlying legal

determinations"—its denial of summary judgment to Crown in this case "de novo and factual

determinations for clear error." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237,

246 (3d Cir. 2010). Summary judgment is appropriate only where there is no genuine issue as to any

material fact. Fed. R. Civ. P. 56(c). In the present case there is a very genuine issue of material fact.

　　　11.)　　District Courts have original jurisdiction over bankruptcy cases and proceedings, per

28 U.S.C. § 1334, and may exercise that jurisdiction notwithstanding that a district court may choose

to refer bankruptcy matters to the bankruptcy judges for the district. 28 U.S.C. § 157(d).

　　　12.)　　The Court of Appeals reviews final decisions by the U.S. Bankruptcy Appellate

Panel ( BAP). The Court looks at the originating court record as well as the briefs of the parties to see

if there are any constitutional, legal, or factual mistakes. As stated above, District Courts of Appeal

also have jurisdiction pursuant to 28 U.S.C. §§ 157, 1291, 1292, 1295, 1331, 1334, 1441, and 1446

to review denial of motions for reconsideration for "*abuse of discretion*", wherein the Appellate

Court makes a determination as to whether or not the trial court abused its discretion in lifting an

automatic stay. Hoang v. BOA/FNMA, no. 17-35993, D.C. No. 2:17-cv-00874-JLR (9th Cir. 2018),

Sch. Dist. No. IJ, Multnomah Cnty., Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). The

BAP had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(G) and had jurisdiction

Case number: 2:16-bk-16833-SK

under 28 U.S.C. § 158 on appeal from the bankruptcy court. The district court reviews findings of fact for clear error and reviews conclusions of law *de novo*. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir. 1986).

(i)      The date of entry of the Order to lift the Automatic Stay in the originating

Bankruptcy Court of the Central District of California was January 16, 2018.

(ii)     Plaintiffs immediately filed an Appeal against the Order before the Bankruptcy

Appellate Panel ( BAP ) on the next day January 17, 2018.

(iii)    On October 11, 2018 the Ninth Circuit Bankruptcy Appellate Panel ( BAP ) denied

the Appeal in case number 18-1015.

(iv)    On October 20, 2018 Plaintiff filed this Appeal with case number 18-60060 before

the Ninth District Court of Appeals authorized by Rule 4 of the FRCP.

13.)    Jurisdiction is also based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343.

14.)    Plaintiff has standing as the Chapter 13 debtor to bring this action pursuant to the provisions concerning debtors as contained in the Federal Rules of Bankruptcy.

Case number: 2:16-bk-16833-SK

# **BACKGROUND**

15.)   Plaintiff Eduardo Vallejo, along with his wife and 80 year old parents have been the Owners of their residential home located at 508 North California Street, in Burbank, California 91505. Plaintiffs purchased their home in 2002 and later refinanced it with GMAC Mortgage dba Ditch dot com ( hereinafter "GMAC" and/or "DITECH' ) with a 30-year residential loan for the amount of $315.000.00.

16.)   Based on undisputed evidence the loan was immediately secured by, purchased, owned, backed, and controlled by the **Federal National Mortgage Association** ( hereinafter "Fannie Mae" or "FNMA") as of January 1, 2005, and June 20, 2016 ( See exhibit 1 ).

17.)   Upon information and belief, Plaintiffs' agreement with GMAC provided for an escrow account for taxes and insurance.

18.)   The mortgagee is required to pay for the insurance and taxes from the escrow account. No information has yet been received from Defendants regarding the details of this escrow account pursuant to CA Civ Code 2943.

19.)   In May of 2016 as a result of a divorce, Plaintiff filed a Chapter 13 Bankruptcy before the Central District Bankruptcy Court of California in case 2:16-bk-16833-SK.

20.)   This adversary proceeding is a result of the tort of fraud on the court committed by the Defendants pursuant to Federal Rules of Civil Procedure ( FRCP ) number 60(b), regarding Bankruptcy Case No. 2:16-bk-16833, and specifically to obtain an order dated January 16, 2018 granting relief from the automatic stay, in order to attempt to foreclose and sell Plaintiff's home.

Case number: 2:16-bk-16833-SK

# **FACTUAL ALLEGATIONS**

21.)    This adversary proceeding "alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (McCall v. PacifiCare of Cal., Inc. (2001) 25 Cal. 4th 412, 415.)

22.)    The Court must determine whether the alleged facts based on undisputed evidence are sufficient to preempt a foreclosure sale on any cognizable legal theory. (See Peterson v. Cellco Partnership (2008) 164 Cal. App. 4th 1583, 1595 ["we look beyond the claim's label, which is not dispositive when reviewing a trial court's sustaining of a general demurrer" and focus instead on the claim's " 'actual gravamen' " and the " 'facts alleged.' "].)

23.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

24.)    Plaintiffs made all court ordered payments on time and as agreed and considered that the Defendants did not have standing to file for the lift of stay because they did not own the note and the mortgage. ( See Memorandum of Points and Authorities in Case 2:16-bk-16833-SK Doc 53 Filed 01/04/18 Entered 01/05/18,  and Trustee Status Report as of December 29, 2017 Case 2:16-bk-16833-SK Doc 51 Filed 01/04/18 Entered 01/04/18 11:11:56, and the recent letter from the Defendants attached as exhibit 1).

25.)    Defendants have not presented any evidence to the Court that they represented the real party in interest in this case which is Fannie Mae according to the attached Assignment from Ditech to Fannie Mae, and withheld information that all post-petition payments were in fact made by the Plaintiffs. ( Exhibit 2 )

Case number: 2:16-bk-16833-SK

26.)    Plaintiffs allege that Defendants have no evidence that they were in any way instructed by Fannie Mae, the real party in interest to collect on this alleged debt, and therefore had no standing to petition for a lift of the automatic stay because the action was not prosecuted in the name of the **real party in interest** per the Rules of Federal Procedure ( hereinafter "FRCP" ) number 17.

27.)    Plaintiffs had in fact made all pre and post-petition payments on time and as agreed between June 2016 and December 31, 2017 as is documented by the Bankruptcy Trustee, **which is the time frame of this Adversary Proceeding.** ( Exhibit 3 ).

28.)    Defendants resorted to fraud and misrepresentation of the facts in order to obtain the lift of the automatic stay, and be able to unlawfully attempt to foreclose on the Plaintiff's home.

29.)    Defendants presented a summary of Post-Petition Payments which was not true and a blatant misrepresentation of the facts. ( See Case 2:16-bk-16833-SK Doc 49-1 Filed 12/12/17 Entered 12/12/17 12:30:43 Desc Exhibit Page 32 of 46 ).

30.)    It is now well documented and based on undisputed evidence that Plaintiffs made all required **court ordered** pre-petition payments to the **U.S. TRUSTEE** in the amount of $20,551.33 and a superavit to the end of 2017, as well as over $20,000.00 in post petition payments to the above referenced Defendants which are no more than "debt collectors". ( See exhibit 3).

31.)    Defendants not only breached any contract existing, but directly and proximately damaged Plaintiff by obtaining an Order based on fraud on the Court per FRCP 60(b), and having the originating court grant relief from the automatic stay.

32.)    This action by the Defendants obligated Plaintiff to hire counsel, incur expenses, commence and file a new and separate Chapter 13 case by Plaintiff's wife in order to stay the foreclosure yet again, and suffer the adverse consequences of having to seek bankruptcy protection and relief.

Case number: 2:16-bk-16833-SK

33.)    Plaintiffs allege that the actions of the Defendants and their agents, employees and servants were wrongful and tortious.

34.)    A financial relationship exists between Plaintiffs and Defendants that requires an immediate accounting. An unliquidated balance is due the Plaintiffs as a setoff to amounts allegedly claimed due by the Defendants that can only be ascertained by an accounting.

35.)    Based on the foregoing, Defendants must be ordered to account for their alleged loan and all fees and charges.

36.)    On January 25, 2019 Plaintiffs emailed Defendants a request for information per **CA Civil Code 2943**, and are still waiting for their response in order to complete, amend, and proceed with the filing of this adversary proceeding.

37.)    On June 14, 2019 Plaintiff gave Notice and requested leave from the Bankruptcy Appellate Panel ( BAP ) in case number 18-1015, and Ninth Circuit Court of appeals in case number 18-60060, to file this notice, leave, and motion to file this adversary proceeding against the Defendants for fraud on the Court pursuant to Federal Rules of Civil Procedure ( FRCP ) number 60(b)(3), based on the following:

38.)    On June 13, 2019 Plaintiff filed a Motion for the Defendants to show cause why they should not be held in contempt of Court for fraud on the Court pursuant to an attached document in Case number 2:18-bk-16497-SK, admitting on Page 2 of 3 that "post-petition payments have not been made towards the loan and the **loan is currently due for the July 1, 2018 payment.**"

39.)    This means that Defendants admit the fact that Plaintiff did make all post-petition payments until at least July 1, 2018, and yet Defendants requested that the Court lift the automatic stay in January of 2018 because Plaintiff "did not make all post-petition payments up to that date", **which is an obvious and blatant misrepresentation.**

Case number: 2:16-bk-16833-SK

40.)    Based on this fact alone Plaintiff requests that the Court agree to take judicial notice of the attached Declaration by the Plaintiff, the attached exhibits, and the statement made by the Defendants, and proceed with this Adversary Proceeding.

41.)    Among other issues raised on Appeal, Plaintiff argues that Defendants have presented two (2) different versions of the note which have been discovered and appear in the file in case number **2:16-bk-16833-SK**. ( One has hole marks and the other does not ). ( Exhibits 4 and 5 ).

42.)    One version of the note was provided by previous servicers called Ditech which has hole marks until 2016. ( See exhibit 4 attached).

43.)    Another version of the note was filed by the Defendants after 2016, does not have hole marks, and appears to be indorsed by GMAC MORTGAGE. ( See documents filed by Defendants in case number 2:16-bk-16833-SK).

44.)    GMAC MORTGAGE, along with many other companies, was dissolved in RESCAP in 2012, four (4) years before Defendants ever received any documentation.

45.)    Defendants are not executors, administrators, guardians, trustees of an express FNMA trust, nor a party with whom or in whose name a contract was made for another's benefit, nor a party authorized by statute to appear as a creditor in case number **2:16-bk-16833-SK.**

46.)    Plaintiff argues that since the listed Creditor **was not FNMA**, the real party in interest, any and all assignments of the deed of trust after January of 2005 were null and void.

47.)    Plaintiff argues that he filed for Chapter 13 Bankruptcy protection in May 2016 and made all his pre and post-petition payments on time and as agreed according to the U.S. Trustee record of over $20,000.00, and with another more recent Proof of Claim ( POC) filed by the same alleged creditor in case number 2:18-bk-16497-SK.

Case number: 2:16-bk-16833-SK

48.)   Plaintiff argues that the Defendants and/or the Creditors misrepresented in fraud on the Court ( FRCP 60 ) to the Bankruptcy Trial Court in December of 2017 that this was not the case, and purposely misapplied, and/or did not apply, at least $20,000.00 paid to the U.S. Trustee since June of 2016, and at least 17 additional post-petition payments made to his account which finally came to light in a Proof of Claim ( POC ) they filed in the above mentioned case number: 2:18-bk-16497-SK. **Payments can not appear, then disappear, and now reappear.**

49.)   Plaintiff argues that the fact he did make his post-petition payments at least until July 1, 2018, and the issue that there are two (2) different notes filed in the public records, has now become a real issue of fact and must be resolved before a trial by a Jury.

50.)   On December 12, 2017, Defendants filed a Motion for Relief from Stay on the basis that Plaintiffs were delinquent on payments in the amount of $19,877.82 [Docket Entry No. 49], (which were in fact paid to the U.S. Trustee on time and as agreed. See exhibit 2 attached).

51.)   On January 16, 2018, after notice and hearing, the originating Court granted the order terminating the automatic stay with respect to the Property ("Order").

52.)   On January 17, 2018, Plaintiffs filed a timely appeal before the Bankruptcy Appellate Panel ( BAP ) in case number 18-1015, which was denied even though **Defendants did not attend the oral hearing.**

53.)   As a result Plaintiffs were not able to question the Defendants nor examine the evidence and as a result Plaintiff's Constitutional rights to due process were violated.

54.)   On November 9, 2018 Plaintiffs filed an Appeal per FRCP 60(b) against the Memorandum issued by the BAP pursuant to FRCP 59(e) due to lack of standing of the Defendants and the misrepresentation of the facts of this case.

Case number: 2:16-bk-16833-SK

55.)     Plaintiffs requested the BAP to reconsider and filed a motion for reconsideration *en banc* ( Case: 18-1015, Document: 121, Filed: 11/09/2018 Page 1 of 6 ) against the preliminary Memorandum ( Doc. 97 ).

56.)     Plaintiffs also filed a request for a trial by jury pursuant to FRCP 38, based on the violation of their constitutional rights to due process based on the foregoing, and which will be described in further detail, in the opening brief.

57.)     According to Defendants if a motion for reconsideration is filed it "is treated as a motion to alter or amend judgment under FRCP 59(e)." Am. Ironworks & Erectors, Inc. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (citing United States v. Nutricology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); see also In re Walker, 332 B.R. 820, 826 (Bankr. D. Nev. 2005). A motion for reconsideration may also be construed as a motion for relief from a judgment under FRBP 9024, if the time for filing an appeal has expired. United States v. Nutricology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). FRBP 9024, which governs relief from a judgment or order, provides that a motion for relief from an order is governed by FRCP 60. FRCP 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); **(3) fraud**; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).

58.)     WHEREFORE, the Plaintiff requests an order directing the Defendants to produce all books and records.

59.)     Based upon the foregoing, and as discussed in further detail below, this request for an order to produce all books and records should be granted.

Case number: 2:16-bk-16833-SK

## FIRST CAUSE OF ACTION AS AGAINST DEFENDANTS

Accounting

60.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

61.)    From June of 2016 until at least May of 2018, Plaintiffs made all payments on time and as agreed to the Chapter 13 U.S. Trustee and the Defendants.

62.)    From December of 2002 to date Plaintiffs have made all payments on time and as agreed including but not limited to: Down payment on their home, mortgage, utilities, maintenance, improvements, repairs and other expenses.

63.)    In addition, because Plaintiff lacks sufficient knowledge of the exact amounts paid to Defendants, lacks an adequate remedy at law, and as such, an accounting is required,

64.)    WHEREFORE, the Plaintiff demands an order directing Defendants to produce all books and records.

## SECOND CAUSE OF ACTION AS AGAINST DEFENDANTS

Fraud

65.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

66.)    Defendants' misrepresentations, fraudulent concealment of the truth and deceit have continued from June 2016 until the present, and therefore Plaintiff invokes doctrines of continuous violation and equitable tolling.

67.)    In California the statute of limitation for fraud is six years and this claim is timely, because the last fraudulent act against Plaintiff was committed in January of 2018 when Defendants

Case number: 2:16-bk-16833-SK

1  fraudulently concealed from the Court the payments made by the Plaintiffs during June of 2016 to

2  December of 2018.

3

4  **THIRD CAUSE OF ACTION AGAINST DEFENDANTS**

5

6  Constructive Trust

7      68.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs

8  above with the same force and effect as if fully set forth at length herein.

9      69.)    The law of equity requires that a constrictive trust be created on behalf of Plaintiffs in

10  order to prevent unjust enrichment by the Defendants and cover the fines and indemnify Plaintiffs for

11  the fraud committed on the Court in the present case.

12

13      70.)    Plaintiff and Defendants had a confidential financial relationship and owed each other

14  fiduciary duty.

15      71.)    Plaintiff acted as a Trustor of the Deed of Trust signed in 2004 and therefore has

16  standing to request creation of a new Constructive Trust by the Bankruptcy Trustee with all the

17  moneys paid to Defendants since they purchased their home in the year 2002, and refinanced it with

18  Defendants in 2004.

19

20      72.)    Defendants have been unjustly enriched when Plaintiffs allegedly transferred a lien to

21  the Defendants on their home, the subject premises, without Defendants investing any real money,

22  and now attempting to collect on a loan they do not own..

23

24      73.)    Defendants have been unjustly enriched when they have used Plaintiff's loan

25  documents to create new Trusts and invest in other Trusts without paying them any funds from the

26  proceeds and profits generated by these Trusts, including the Defendants' Lone Star Trusts and more

27  specifically, the alleged LSF9 Master Participation Trust who they allege hold Plaintiff's documents.

28

Case number: 2:16-bk-16833-SK

74.)    As a result of the forgoing, Plaintiffs have been damaged by Defendants and they are liable to Plaintiffs for all applicable damages under the law in the amount to be determined at trial.

75.)    WHEREFORE, the Plaintiff demands judgment awarding damages as in the amount to be determined at trial.

## THIRD CAUSE OF ACTION AS AGAINST DEFENDANTS

### Promissory Estoppel

76.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

77.)    Defendants should be held liable under the doctrine of Promissory Estoppel to stop attempting to foreclose on Plaintiffs' home until "standing", or a lack thereof, is established, an accounting of the loan is carried out, and Defendants modify Plaintiff's loan with the aid of NACA.

78.)    Plaintiff reasonably relied on Defendants' promise to meet all the terms of the contracts signed, which were breached by Defendants to their detriment, and were injured by making all payments and pay all expenses, and yet Defendants did not keep their promises.

79.)    As a result of the forgoing, Plaintiff has been damaged and the Defendants are liable for all applicable damages under the law including fines, Attorney Fees and Costs, etc. in the amount to be determined at trial.

80.)    WHEREFORE, the Plaintiff demands judgment awarding damages as in the amount to be determined at trial.

Case number: 2:16-bk-16833-SK

## FOURTH CAUSE OF ACTION AS AGAINST DEFENDANTS

Fraud/Fraud Upon The Court

81.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

82.)    Defendants committed Fraud upon the Court by conspiring to hire attorneys who aided and abetted in the fraud by simultaneously representing many of them in different actions, and scheming and conspiring in violation of section 362 of the United States Bankruptcy Code, in order to obtain a lift of the automatic stay in the Bankruptcy.

83.)    The communication between parties including the Foreclosure Trustee against the Plaintiff leads us to believe that there was conflict of interest between them.

84.)    Upon information and belief said attorneys advised Defendants not to post the payments made by Plaintiffs correctly to his account, and even created inaccurate payment histories to convince the Court that Plaintiff had not made all the payments on time.

85.)    Defendants employed prohibited by law and/or ethics litigation practices causing Plaintiff great financial damage and delayed resolution of the litigation for almost 3 years as of today.

86.)    As a result of the forgoing Plaintiff has been damaged and the Defendants are jointly and severally liable for all applicable damages under the law, including punitive and treble damages.

87.)    WHEREFORE, the Plaintiff demands judgment awarding damages at trial.

Case number: 2:16-bk-16833-SK

# FIFTH CLAIM AGAINST FORGED NOTE

### Slander of Title & Breach of Contract

88.)    Plaintiff repeats and realleges each of the allegations contained in paragraphs above with the same force and effect as if fully set forth at length herein.

89.)    Slander of title is a false statement that disparages title to property, injuring its salability. The elements of the claim are: 1. A publication; 2. Without privilege or justification; 3. Falsity; and 4. Direct pecuniary loss.

90.)    In a slander of title case, pecuniary loss includes impairment of the value or salability of the property PLUS the expense of measures reasonably necessary to counteract the publication, including litigation, to remove the doubt cast on the title. That means attorney fees are included as being considered pecuniary loss. Costs associated with the appeal and cross-appeal are awarded to Plaintiffs. ( See 205 Cal.App.4th 999 (2012, 141 Cal. Rptr. 3d 109 SUMNER HILL HOMEOWNERS' ASSOCIATION, INC., et al., Plaintiffs and Appellants, v. RIO MESA HOLDINGS, LLC, et al., Defendants and Appellants. No. F058617, Court of Appeal of California, Fifth District. )

91.)    In 2016 Defendants filed a copy of Plaintiff's original note from 2004 with a stamped endorsement allegedly stamped by GMAC MORTGAGE, which filed for bankruptcy protection in 2012, underwent liquidation, and became defunct on December 17, 2013.

92.)    It is therefore impossible that GMAC MORTGAGE, or any employee or agent of said company, could have endorsed said note in 2016.

93.)    Whether or not this document was forged or altered in any way will be for the triers of fact to decide in a trial by Jury.

94.)    If the Jury decides that the document was indeed forged or altered in any way by

Case number: 2:16-bk-16833-SK

Defendants, or any employees or agents of Defendants, it would mean that Defendants slandered the title of Plaintiff's property and Plaintiff has been damaged.

95.) If a Jury decides that the document was indeed forged or altered in any way, it would also mean that the document, as well as the lien, would be null and void.

96.) If the document is found to be null and void, then Defendants did not have "standing' in this case and any debt would be considered to be cancelled and the contracts breached by Defendants.

97.) If the document is found to be null and void, then the Trustee known as MTC Financial dba Trustee Corps had no cause nor reason to record any untrue documents on Plaintiffs' title, and yet did so without justification.

98.) Defendants acted with reckless disregard of the truth, knew or should have known, that others might act in reliance on those documents, and their conduct was a substantial factor in causing financial harm and loss to Plaintiffs, all in a desperate attempt to unlawfully foreclose on Plaintiffs' home which damaged Plaintiffs in the process.

99.) If any of the above are proven to be true in a trial by Jury, then the fact that the Trustee acting under instructions of the Defendants published a false statement about Plaintiffs' real estate, including multiple attempts at foreclosure, Trustee Sales, Auctions and sale of the property which ultimately harmed the properties' value and/or salability.

100.) WHEREFORE, the Plaintiff demands judgment awarding damages and Declaratory relief and judgment declaring the lien null and void.

101.) All allegations above are incorporated by this reference as if fully restated herein.

102.) There was/is no evidence of an alleged principal-agent relationship between Fannie Mae, the real party in interest, and the Defendants.

Case number: 2:16-bk-16833-SK

103.)    Even if such documented existed an Agent can not act on behalf of or represent the Principal or real party in interest when it comes to testifying before the Court.

104.)    No document exists signed by Fannie Mae, the true party in interest, authorizing any other company or business to execute, administrator, guard, act as custodian, or act as a trustee of an express FNMA trust, or a Loan Star (LS), Master Participation 9 Trust, or any other such entity.

105.)    No document exists signed by Fannie Mae, the true party in interest, authorizing any other company, business, Agent, nor a party with whom or in whose name a contract was made for another's benefit, nor a party authorized by statute to appear as a creditor in case number **2:16-bk-16833-SK.**

106.)    WHEREFORE, Plaintiff demands judgment awarding damages and declaratory relief that the Plaintiffs' note was allegedly altered by the Defendants and therefore the alleged lien recorded on Plaintiffs' property title is null and void.

107.)    WHEREFORE, Plaintiff demands judgment awarding damages in the amount to be determined at trial.

### **CONCLUSION**

Based on the above, Plaintiff respectfully requests the Clerk of the Court to file this petition and request for leave from the Court to reopen this case and file this Adversary Proceeding against the Defendants/ Appellees before the Court with competent jurisdiction, as the law favors.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Respectfully submitted, this 20th day of January of 2020.

Case number: 2:16-bk-16833-SK

Dated: January 16th, 2020

/s/ Eduardo Vallejo

_____

EDUARDO VALLEJO
508 NORTH CALIFORNIA STREET
BURBANK, CA 91505
TEL:  1 (818) 415-5633
FAX: 1 (818) 846-1777
EMAIL: eevallejo@yahoo.com

Case number: 2:16-bk-16833-SK

## CERTIFICATE OF SERVICE

Federal Bankruptcy Court Case Number: 2:19-bk-21271-SK

I am a resident of the State of California, over the age of eighteen years, and a party to the within action.

**LEAVE FROM THE COURT TO REOPEN THIS CASE AND FILE AN ADVERSARY PROCEEDING AGAINST THE DEFENDANTS/APPELLEES, AS WELL AS A SEPARATE MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FRAUD PER FRCP 60**

[X]  by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below. The transmission was completed before the close of business and was reported complete and without error.

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing_ L am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[X] BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Federal Bankruptcy and District Courts, Ninth Circuit BAP and Court of Appeals of California website https://ecf.cacd.uscourts.gov.

[ ]  by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service. (See Attached Service List)

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Respectfully submitted, this 20th day of January of 2020.

Dated: January 20th, 2020

/s/ Eduardo Vallejo

_____

EDUARDO VALLEJO
508 NORTH CALIFORNIA STREET
BURBANK, CA 91505
TEL: 1 (818) 415-5633
FAX: 1 (818) 846-1777
EMAIL: eevallejo@yahoo.com

Case number: 2:16-bk-16833-SK

1

## MAILING LIST

2

3  U.S. Bank, N.A.
   425 Walnut Street
4  Cincinnati, Ohio

5  U.S. Bank Trust N.A.
   Wilmington, Delaware.
6

7  It operates as a subsidiary of U.S. Bank N.A.
   Telephone number 1 (651) 466-3000
8

9  Nathan F. Smith, #264635
   Christina J. O, #266845
10 Malcolm ♦ Cisneros,
   A Law Corporation
11 2112 Business Center Drive, 2nd Floor
   Irvine, California 92612
12 (Telephone) (949) 252-9400
   (Facsimile) (949) 252-1032
13 Email: nathan@mclaw.org

14

15 Xiyi (Jackie) Fu, Counsel
   Locke Lord LLP
16 101 Montgomery Street, Suite 1950
   San Francisco, CA 94104
17 T: 415-318-8807
   F: 415-704-3003
18 jackie.fu@lockelord.com
   www.lockelord.com
19

20

21 Bruce Marks
   NACA – CEO
22 Main Number:
   888-404-6222
23 Headquarters (Boston)
   617-250-6222
24

25

26

27

28

*Exhibit 1*

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Ditech Financial LLC
7360 S. KYRENE ROAD
MAIL STOP T111
TEMPE, AZ 85283

---

APN: 2483-003-030                TS No: CA05001562-15-1                TO No: 150286215-CA-VOI

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to **Federal National Mortgage Association** all beneficial interest under that certain Deed of Trust dated as of November 10, 2004, executed by EDUARDO E. VALLEJO AND MARIA LUISA VALLEJO, HUSBAND AND WIFE AS JOINT TENANTS AND EDUARDO VALLEJO AND CIELO G. VALLEJO, HUSBAND AND WIFE, AS JOINT TENANTS as Trustor(s), to EXECUTIVE TRUSTEE SERVICES, INC. as Trustee and recorded on November 22, 2004 as Instrument No. 04-3020633 of official records in the Office of the Recorder of Los Angeles County, California.

All rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property more commonly known as **508 NORTH CALIFORNIA ST, BURBANK, CA 91505-** and more fully described in said Deed of Trust.

Dated: June 20, 2016          **Ditech Financial LLC FKA Green Tree Servicing LLC**

By:          Tiffany Chambers

Assistant Vice President

State of Texas
County of Dallas

Before me, Pat Klement, on this day personally appeared Tiffany Chambers, known to me (or proved to me on the oath of Personally Known or through (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this 20 day of June, 2016.



PAT KLEMENT
Notary Public, State of Texas
Comm. Expires 11-21-2017
Notary ID 530797-3

Notary Public's Signature  Pat Klement