LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Creditor
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>EDUARDO ENRIQUE VALLEJO,<br><br>              Debtor. | Case No. 2:16-bk-16833-SK<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTOR'S MOTION TO REOPEN THE DISMISSED CHAPTER 13 CASE** |

## I. INTRODUCTION

Creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter the "LSF9 Trust") submits this opposition to Debtor Eduardo Enrique Vallejo's motion to reopen his Chapter 13 case, which was dismissed on October 25, 2018.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The Loan and Debtor's Default

On or about November 10, 2004, Debtor and Maria Luisa Vallejo obtained a $315,000 loan (the "Loan") from GMAC Mortgage Corporation DBA ditech.com. Request for Judicial Notice ("RJN"), Exh. 1. The Loan was secured by a deed of trust (the "Deed of Trust") against the real property located at 508 North California Street, Burbank, California 91505 (the "Property"). *Id.* On

June 11, 2010, an Assignment of Deed of Trust was recorded, memorializing the assignment of the beneficial interest to GMAC Mortgage, LLC. RJN, Exh. 2. On May 21, 2013, a Corporate Assignment of Deed of Trust was recorded, memorializing the assignment of the beneficial interest to Green Tree Servicing LLC. RJN, Exh. 3. Debtor defaulted on the Loan and as a result, a Notice of Default was recorded on February 24, 2016. RJN, Exh. 4.

### B.  Debtor's 2016 Chapter 13 Case and Appeals

On May 23, 2016, Debtor filed for Chapter 13 protection. ECF No. 1. On September 29, 2016, Ditech Financial LLC fka Green Tree Servicing LLC ("Ditech") filed a Proof of Claim. Claim 7-1. On October 19, 2016, Debtor filed a Third Amended Plan, wherein he proposed to pay $439.01 per months for 51 months to the Chapter 13 trustee to cure the default on the Loan. ECF No. 37 at p. 6 of 9. He also proposed to make post-petition monthly mortgage payment directly to Ditech. *Id*. The Plan was confirmed on December 29, 2016. ECF No. 42. On January 5, 2017, Ditech transferred its claim to the LSF9 Trust. ECF No. 44. On February 10, 2017, an Assignment of Deed of Trust was recorded, memorializing the transfer to the LSF9 Trust. RJN, Exh. 5.

#### 1.  BAP Case No. 18-1015

On December 12, 2017, the LSF9 Trust filed a motion for relief from the automatic stay. ECF No. 49. The basis for the motion was that Debtor did not make the post-petition monthly payments on the Loan. *Id*. On January 4, 2018, Debtor opposed the motion, claiming that LSF9 Trust lacked authority to enforce the Loan. ECF No. 53. On January 16, 2018, the Court granted LSF9's motion. ECF No. 71. On January 11, 2018, before the Court issued a formal order, Debtor filed a notice of appeal. ECF No. 66. In his opening brief, Debtor reiterated the same argument regarding the LSF9's authority to enforce the Loan. BAP Case No. 18-1015, ECF No. 9. He also argued for the first time that Ditech and Caliber Home Loans, Inc. (servicer of the Loan for the LSF9 Trust) misapplied his pre- and post-petition payments. *Id*. On October 11, 2018, the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") addressed all the issues raised on appeal by Debtor, and affirmed the Court's ruling on the LSF9 Trust's motion. BAP Case No. 18-1015, ECF No. 97. The BAP issued the Mandate on October 26, 2018. BAP Case No. 18-1015, ECF No. 119-2.

### 2. BAP Case No. 18-1292

In the meantime, on March 26, 2018, the Chapter 13 trustee filed a motion to dismiss the case for failure to make plan payments in the Debtor's Chapter 13 case. ECF No. 94. On October 25, 2018, the Court granted the Chapter 13 trustee's motion and dismissed the bankruptcy case. ECF No. 117. Debtor appealed the order of dismissal to the BAP, but his appeal was terminated upon his failure to pay the filing fees. BAP Case No. 18-1292, ECF No. 21-1.

### 3. Ninth Circuit Court of Appeal, Case No. 18-60060

On October 18, 2018, Debtor appealed the BAP's ruling in BAP case no. 18-1015 to the Ninth Circuit Court of Appeals. BAP Case No. 18-1015, ECF No. 110-1. On May 29, 2019, the Ninth Circuit denied Debtor's appeal as moot because the underlying Chapter 13 case had been dismissed. Case No. 18-60060, ECF No. 44.

## C. The 2019 Loan Modification

In July 2019, Caliber offered and Debtor accepted a Loan Modification Agreement. Fu Decl., ¶¶ 2-4; *id.*, Exh. 1. By signing the Loan Modification Agreement, Debtor reaffirmed the validity of the Loan, including the Deed of Trust and subsequent assignments. *Id.*, Exh. 1 at p. 3-4 of 6. Debtor soon defaulted on the monthly payment again. It is apparently this default and Debtor's awareness that foreclosure proceedings will result that have prompted this motion.

## III. ARGUMENT

### A. Debtor Cannot Reopen A Dismissed Case Under 11 U.S.C. § 350(a)

11 U.S.C. § 350 states:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

A dismissed case, such as the Chapter 13 case here, is not fully administered. Thus, it is not "closed" for purposes of 11 U.S.C. § 350(a) and cannot be reopened under 11 U.S.C. § 350(b). *In re Dicks,* 579 B.R. 704, 707 (Bankr. E.D.N.Y. 2017) ("Where a case has been dismissed, it may not be

3

reopened under § 350(b)."). Debtor's motion should be denied for this reason alone.

### B. The Court Should Not Vacate the Dismissal Under Rule 9024 of the Federal Rules of Bankruptcy Procedure

Debtor does not seek relief under Rule 9024 of the Federal Rules of Bankruptcy Procedure, but even if the Court were willing to so construe his request, it would still have to be denied. Rule 60 of the Federal Rules of Civil Procedure is incorporated in Rule 9024 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9024. A motion under Rule 60(b)(1)-(3) (mistake, newly discovered evidence, and fraud) must be made within one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). The order of dismissal was entered on October 25, 2018, more than a year ago. ECF No. 117. Thus, Debtor's motion to reopen is untimely and should be denied.

Debtor also fails to show a valid basis to reopen his bankruptcy. He alleges that the LSF9 Trust lacked authority to enforce the Loan and to move to lift the automatic stay because it did not own the Loan. Motion, ¶¶ 24-26, 41-46, 68-80, 88-105. This issue was adjudicated against him by this Court and the BAP. BAP Case No. 18-1015, ECF No. 97. Further, by signing the Loan Modification Agreement on July 16, 2019, Debtor reaffirmed the validity of the Loan and collateral Loan documents, including the Assignment of Deed of Trust that memorialized the transfer of the beneficial interest to the LSF9 Trust. Fu Decl., Exh. 1; RJN, Exh. 5.

Debtor also alleges that the LSF9 Trust misapplied his pre- and post-petition payments. Motion, ¶¶ 27-30, 47-51, 60-67, 81-87. This issue too was adjudicated against him by the BAP. BAP Case No. 18-1015, ECF No. 97.

### IV. CONCLUSION

Debtor's motion to reopen is nothing more than an attempt to circumvent the unfavorable rulings from the BAP and the Ninth Circuit Court of Appeals and have a second bite of the apple. For these reasons, the LSF9 Trust respectfully requests that the Court deny Debtor's motion to reopen.

**Locke Lord LLP**
**101 Montgomery Street, Suite 1950**
**San Francisco, CA  94104**

| | |
|---|---|
| Dated:  February 11, 2020 | Respectfully submitted, |
| | LOCKE LORD LLP |
| | By: */s/ Meagan S. Tom* |
| |     Regina J. McClendon |
| |     Meagan S. Tom |
| | Attorneys for Creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust |

5